### WOOLSEY *v.* DONNELLY.

*(Supreme Court, General Term, Second Department.* May 18, 1889.)

LANDLORD AND TENANT—CONDITIONS OF LEASE.

 A tenant had occupied premises for a year under an agreement to vacate on 90 days' notice, when the landlord insisted on fixing the length of notice at 60 days, and lowered the rental, and the tenant replied, "Your terms are accepted at" the reduced rental. *Held,* that this was an acceptance of the 60-days notice, and a continuance of the lease made thereafter for another year "on same conditions," included the 60-days notice.

Appeal from Queens county court.

Summary proceedings to regain possession of land, brought by Edward J. Woolsey, landlord, against James Donnelly, tenant, before a justice of the peace. The justice awarded the land to the landlord, and the tenant appealed to the county court, where the judgment of the justice was reversed, and Woolsey appeals to this court.

Argued before BARNARD, P. J., and PRATT, J.

*S. B. & D. Noble,* for appellant. *Knevals & Perry,* for respondent.

BARNARD, P. J. The only question on this appeal is one of fact. The plaintiff owns a farm in Queens county The defendant, as tenant, occupied the same for over nine years. In November, 1885, the rent was fixed for one year, beginning March 10, 1886, at $110 per month, with an agreement to vacate on 60 days' notice. That was the proposal by the landlord, and the tenant replied that 60 days was a short time, and suggested that the landlord could make it 90 days. On the 4th of March, 1886, the length of notice to vacate was fixed at 90 days. On the 1st of March, 1887, the landlord insisted that the length of notice should be fixed at 60 days, and the rent was lowered to $90 per month. This was accepted by the tenant. He replied to the letter of the landlord, "Your terms are accepted at $1,080 a year." This was an acceptance of the 60-days notice instead of the 90-days clause of the previous lease. On the 10th of December, 1887, the lease was continued another year from March 10, 1888, "on same conditions." This referred to the lease for the preceding year. This is the inference, in the absence of an agreement, and the

.agreement only expresses the legal inference in the absence of an agreement. The case turns wholly on the fact whether a 60 or 90 days' notice was required. The judgment of the justice was therefore right, and his judgment should be .affirmed, with costs.  Judgment of county court reversed. and that of justice .affirmed, with costs.

PRATT, J., concurs.

### ON MOTION TO DISMISS APPEAL.

BARNARD, P. J.  The motion to dismiss this appeal because the papers are not certified by the clerk of Queens county should not be granted.  These papers are now certified according to the rule.  The objection that the case does not contain the order appealed from is not sustained by the case itself. The order appealed from is stated to be the order of 30th of December, 1888, and the formal order of 3d December, 1888, having been entered, it is very .clear that the formal order in the printed book is the only order entered beyond the minutes of the decision of the county judge.  The formal order was .entered December 3, 1888.  The motion to dismiss the appeal should therefore be denied.